**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AYALEW MERGIA, | No. 09-16604 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01159-JAM-JFM |
| v. | |
| ANNE MARIE ADAMS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 15, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

Ayalew Mergia appeals from the district court's grant of summary judgment

in favor of his former wife, Anne Marie Adams. Mergia sued Adams, among other

reasons, to enforce an Affidavit of Support (Form I-864) that she filed pursuant to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1183a.  The district court applied judicial estoppel and granted Adams's motion because Mergia did not schedule the Affidavit of Support as an asset or list it as exempt in his Chapter 7 bankruptcy proceeding.[1]  We review a district court's grant of summary judgment de novo.  Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council, 851 F.2d 1208, 1210 (9th Cir. 1988).  We review a district court's application of judicial estoppel for an abuse of discretion.  Broussard v. Univ. of Cal., 192 F.3d 1252, 1255 (9th Cir. 1999).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

The facts of this case are known to the parties.  We do not repeat them.

When a party attempts to assert a cause of action "not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements," judicial estoppel prevents that party from asserting that claim.  Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 783 (9th Cir. 2001).  Mergia did not disclose the Affidavit of Support (Form I-864) in his Chapter 7 bankruptcy proceeding, and so he is estopped from now seeking its enforcement.

---

[1] Mergia filed a motion to introduce new evidence on September 24, 2010.  We deny Mergia's motion because we are bound by the record on appeal.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (noting that "[d]ocuments or facts not presented to the district court are not part of the record on appeal").  We note, however, that even if Mergia were allowed to introduce additional evidence, it would not change the fact that Mergia failed to disclose the Affidavit of Support on his schedules.

Mergia raises no other colorable claims. He attempts to sue Adams, his ex-wife, under 42 U.S.C. § 1983, and the district court correctly concluded that she cannot be held liable as a state actor. See Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). Mergia also asks the court to issue orders reversing various decisions of the state courts. The district court correctly abstained from hearing these claims under the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

**AFFIRMED.**